Filed 9/9/15  P. v. Shoop CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROYAL SHOOP,<br><br>    Defendant and Appellant. | B261643<br><br>(Los Angeles County<br>Super. Ct. No. PA073413) |

APPEAL from an order of the Superior Court of Los Angeles County, Ann I. Jones, Judge.  Affirmed.

Anthony W. Tahan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Royal Shoop filed a petition for resentencing under Penal Code section 1170.18, subdivisions (f)-(i), commonly known as Proposition 47 (hereafter Prop. 47). The trial court denied Shoop's petition and he filed an appeal from the denial order. Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the trial court's order.

## FACTS

In September 2012, the People filed an information charging Shoop (and others) with one count of first degree burglary (count 1; Pen. Code, § 459), and one count of second degree commercial burglary (count 2; Pen. Code, § 459). As to count 1, the information alleged that Shoop entered "an inhabited dwelling, house and trailer coach and inhabited portion of a building" occupied by the victim, and that the offense was a serious felony within the meaning of Penal Code section 1192.7, subdivision (c), and a violent felony within the meaning of Penal Code section 667.5, subdivision (c), "in that another person, other than an accomplice, was present in the residence during the commission of the offense." As to count 2, the information alleged that Shoop entered a Bank of America building "with the intent to commit larceny and any felony."

On a date not ascertainable from the record, Shoop was apparently convicted of count 1. The trial court placed Shoop on probation; there are several documents in the record referring to probation.

At a probation progress hearing on November 13, 2014, about one week after the voters of California approved Prop. 47, Shoop made an oral motion to reduce his felony conviction in count 1 to a misdemeanor. The trial court denied the motion. The trial court's minute order from that hearing reads: "The defendant is not eligible to Prop 47 reduction."

On December 17, 2014, Shoop filed a Judicial Council standard form petition for resentencing under Prop. 47. The petition indicated, by a check box marking, that Shoop had been convicted of "Penal Code § 459 2nd Degree Burglary (Shoplifting)."

On January 15, 2015, another judge heard arguments from the prosecutor and Shoop's public defender on Shoop's Prop. 47 petition. During a series of exchanges, the

court and the lawyers recognized that Shoop had been convicted of first degree residential burglary, and there were further discussions concerning "retroactive" application of statutes, and the "amount of loss" and the "burden" on a Prop. 47 petition. Ultimately, the court stated that, all other issues aside, it was "left with trying to figure out whether [Shoop was] eligible for [a reduction of his felony conviction]." The court then commented that the "voters didn't intend [for] people taking more than $950 in property value to get the benefit of [Prop. 47]," and that there were "police reports" and other materials in the case records demonstrating that the amount involved in Shoop's offense "vastly exceed[ed] $950." The court concluded: "Those are my facts. I'm going to deny the application . . . ."[1]

Shoop filed a timely notice of appeal from the denial order.

## DISCUSSION

We appointed counsel to represent Shoop on appeal. Appointed counsel filed an opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We thereafter notified Shoop by letter that he could submit any claim, argument or issues that he wished our court to review, but he did not do so. We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled his duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The trial court's order denying Shoop's Prop 47 petition is affirmed.



BIGELOW, P. J.

We concur:


RUBIN, J.          GRIMES, J.

---

[1]     We note that Prop. 47 does not apply to first degree residential burglary.

3